145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald MASON, Plaintiff--Appellant,
v.
OVERNITE TRANSPORTATION COMPANY; Mark Jackson; Shane
Molinari, Defendants--Appellees.
 No. 97-35325.
D.C. No. CV-96-00242-HO.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1998**.
Decided May 11, 1998.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, Chief District Judge, Presiding.
 Before SKOPIL, HAWKINS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald Mason, an employee of Overnite Transportation Company ("Overnite"), was terminated for removing a disciplinary report from his supervisor's desk. Mason brought suit against Overnite, his supervisor, Molinari, and Molinari's supervisor, Jackson. After removal to federal court under 28 U.S.C. §§ 1441 to 1452, the district court granted summary judgment in favor of the defendants which Mason now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 For purposes of Mason's good faith and fair dealing claim and his interference with an economic relationship claim, we concern ourselves only with two facts: (1) Mason was an at will employee; and (2) Mason was discharged. Despite his arguments to the contrary, for these claims, we do not consider any events which took place prior to Mason's termination.
 
 
 4
 Mason was an at will employee of Overnite and therefore could be terminated at any time for any reason. See Patton v. J.C. Penny Co. ., 301 Or. 117, 719 P.2d 854, 856 (Or.1986). Overnite had no duty of good faith and fair dealing concerning its decision to discharge Mason as Mason was an at will employee. See Sheets v. Knight, 308 Or. 220, 779 P.2d 1000, 1008 (Or.1989).
 
 
 5
 Mason's claim for tortious interference with economic relationship suffers from a similar defect. Here, Mason fails to allege that a third party interfered with his relationship with Overnite, a necessary element of the claim. See McGanty v. Staudenraus, 321 Or. 532, 901 P.2d 841, 846 (Or.1995). Mason makes allegations concerning the acts of his supervisors which preceded his firing but his actual challenge is for the dismissal itself. Because Mason's termination was done within the scope of the employment of Molinari and Jackson at Overnite, they cannot be third parties under Oregon law. See id.
 
 
 6
 To show that he was wrongfully discharged, Mason must prove that Overnite terminated him for fulfilling an important societal obligation or for engaging in some other protected activity. See Delaney v. Taco Time International, Inc., 297 Or. 10, 681 P.2d 114 (Or.1984). Mason admits the statements contained in the Corrective Action Report are true, therefore the publishing of such statements cannot be defamatory and Mason cannot show that he was terminated for refusing to allow himself to be defamed. Indeed, Mason cannot show that he was terminated for engaging in any protected activity to support a claim of wrongful discharge.
 
 
 7
 For all the reasons stated above, we AFFIRM.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36.3